IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **iGPS COMPANY, LLC**, | § | |
| | § | |
| Plaintiff/Counter Defendant, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-108-L** |
| | § | |
| **NATIONAL WOODEN PALLET &** | § | |
| **CONTAINER ASSOCIATION and** | § | |
| **BRUCE N. SCHOLNICK,** | § | |
| | § | |
| Defendants/Counter Claimants. | § | |

**MEMORANDUM OPINION AND ORDER**

The court, as required by law, has made an independent inquiry to determine whether it has subject matter jurisdiction to entertain this action. After allowing Defendants an opportunity to establish the citizenship of Plaintiff iGPS Company, LLC ("iGPS"), and considering the record and applicable law, the court *sua sponte* **remands** this action to the 192nd Judicial District Court, Dallas County, Texas.

**I.   Background**

Defendants removed this action to federal court on January 18, 2011, contending that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs. On September 7, 2011, the court informed Defendants that it did not have sufficient information to establish iGPS's citizenship and, therefore, could not determine whether complete diversity exists between the parties. Defendants merely state, "based upon information and belief," the members of iGPS are "all citizens of States other than the State of Virginia and the District of Columbia." Notice of Removal at 3. Because of the lack of

information, the court instructed Defendants to file written documentation addressing and curing the deficiencies the court identified by September 21, 2011.

Defendants filed their written response on September 21, 2011, as instructed. Defendants' response in its entirety is as follows:

> Defendants have no additional information regarding the citizenship of the members of Plaintiff iGPS Company LLC ("iGPS") beyond that stated in the Notice of Removal. Prior to removing the case, Defendants researched the membership of the Plaintiff and determined that no information could be found indicating that any of the members of Plaintiff were also citizens of the states where Defendants are citizens within the meaning of the 28 U.S.C. Section 1441. On or about February 2, 2011, prior to the deadline for any motion to remand, counsel for the Defendants asked counsel for iGPS whether iGPS was aware of any information that would destroy diversity. Counsel for Defendants informed counsel for iGPS that, if there was a basis to remand for lack of diversity, Defendants would not contest any such remand motion. At that time or since, iGPS has not provided any such information to counsel for Defendants and, therefore, Defendants are unable further to address the Court's inquiry.

Defs.' Response 1. The additional information does nothing to remove the existing uncertainty as to the citizenship of iGPS.

## II. Standard - Subject Matter Jurisdiction and Diversity of Citizenship

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss

**Memorandum Opinion and Order - Page 2**

an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

As this action does not arise under federal law and the amount in controversy is not in dispute, the court limits its discussion to diversity of citizenship. Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

iGPS is a limited liability company. The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III.   Analysis

In their response, Defendants provide no additional information or allegations for the court to determine the citizenship of iGPS. Further, Defendants do not identify the members of iGPS.[1] It is apparent to the court that Defendants are unsure of the citizenship of iGPS's members. This is precisely why they couch their allegations regarding iGPS's citizenship in terms of "information and belief." Notice of Removal 3. On the other hand, Defendants assert affirmatively and specifically the *states* of *their* citizenship. *Id.* Despite allowing Defendants an opportunity to cure the earlier deficiencies identified by the court, the bases for diversity have not been alleged "affirmatively and distinctly." Remand of this action is therefore mandatory. *Stafford*, 945 F.2d at 805. Moreover, because doubts exist as to the citizenship of iGPS, the court must strictly construe such doubts in favor of remand. *Manguno*, 276 F.3d at 723. Defendants want the court to infer that

---

[1] The identity of the members of iGPS and their respective citizenship should have been determined prior to removal. If Defendants did not possess all of the necessary information regarding the citizenship of iGPS's members, it should have sought jurisdictional discovery on the issue of diversity. They did not do so.

**Memorandum Opinion and Order - Page 4**

diversity exists, but the bases for diversity "cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citation omitted).  Further, to the extent that Defendants imply that iGPS agrees to or does not contest diversity, such implication is quite beside the point, as the law is well-settled that parties to a lawsuit may not agree to or create subject matter jurisdiction when none has been shown to exist.[2]  Finally, if a party fails to establish diversity, the court may not "presume the existence of federal jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  Defendants have failed to show that complete diversity of citizenship exists between them and iGPS.

## IV.   Conclusion

For the reasons herein stated, Defendants have failed to carry their burden to establish that complete diversity of citizenship exists between them and iGPS.  Accordingly, pursuant to 28 U.S.C. § 1447(c), the court *sua sponte* **remands** this action to the 192nd Judicial District Court, Dallas County, Texas, for lack of subject matter jurisdiction.  The clerk of the court shall effect this remand in accordance with the usual procedure.  The court **denies as moot** all other pending motions.

**It is so ordered** this 28th day of September, 2011.

Sam A. Lindsay
United States District Judge

---

[2] As this proposition of law is so well-settled, the court finds it unnecessary to cite any supporting authority.

**Memorandum Opinion and Order - Page 5**